**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

| | | |
|---|---|---|
| MICHELE EDER, *individually and on* | : | |
| *behalf of all others similarly situated* | : | |
| 900 State Road | : | |
| Croydon, PA 19021 | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| MINCH PROFESSIONAL CLEANING | : | |
| SERVICES, LLC | : | |
| 225 Lincoln Highway, Suite 210 | : | |
| Fairless Hills, PA 19030; AND | : | |
| | : | |
| KATHLEEN MINCH | : | |
| 225 Lincoln Highway, Suite 210 | : | |
| Fairless Hills, PA 19030; AND | : | |
| | : | |
| LEN HARDY | : | |
| 225 Lincoln Highway, Suite 210 | : | |
| Fairless Hills, PA 19030 | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Michele Eder ("Plaintiff") hereby brings this collective/class action against

Defendant Minch Professional Cleaning Services, LLC ("MPCS"), Defendant Kathleen Minch

("Minch"), and Defendant Len Hardy ("Hardy") (collectively, "Defendants"), and alleges, upon

personal belief as to her own acts, and upon information and belief as to the acts of others, as

follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendants have unlawfully failed

to pay her and other similarly-situated individuals employed in the positions of Cleaner and/or

Cleaning Supervisor ("Class Plaintiffs"), wages and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.,* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

2.      Plaintiff Michele Eder is a former employee of Defendants who was employed in the positions of Cleaner and Cleaning Supervisor.

3.      During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendants unlawfully failed to pay them and Class Plaintiffs overtime compensation for hours worked over forty (40) in a workweek and for certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA and PMWA.

4.      Additionally, Plaintiff contends that Defendants engaged in a systematic common policy and practice of wage theft by unlawfully docking their pay and failing to pay for all hours worked in violation of the FLSA, PMWA, and WPCL.

5.      Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

6.      Plaintiff brings this action as a representative action under the FLSA, PMWA, and WPCL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

2

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

10.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

11.    Plaintiff Michele Eder currently resides at 900 State Road, Croydon, PA 19021.

12.    Upon information and belief, Defendant Minch Professional Cleaning Services, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 225 Lincoln Highway, Suite 210, Fairless Hills, PA 19030.

13.    Upon information and belief, Kathleen Minch is the president, owner, operator, and/or managing member of Defendant Minch Professional Cleaning Services, LLC, and, upon information and belief, exercises significant direction and control over the operations and employment practices of Defendants, including over their pay practices, setting the wages and compensation of Plaintiff and Class Plaintiffs and rendering decisions regarding the unlawful pay practices described herein.

3

14.     Upon information and belief, Len Hardy is the son of Kathleen Minch and a principal and/or co-manager of Defendant Minch Professional Cleaning Services, LLC, and, upon information and belief, exercises significant direction and control over the operations and employment practices of Defendants, including over their pay practices, setting the wages and compensation of Plaintiff and Class Plaintiffs and rendering decisions regarding the unlawful pay practices described herein.

15.     Upon information and belief, Defendants are a joint, single, and/or integrated employer with respect to Plaintiff Michele Eder and all Class Plaintiffs.

16.     Upon information and belief, Defendants operate throughout the Commonwealth of Pennsylvania, including this judicial district.

17.     Defendants are "private employers" and covered by the FLSA.

18.     Upon information and belief, Defendant Minch Professional Cleaning Services, LLC is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000.

19.     Upon information and belief, during the course of their employment with Defendants, Plaintiff and/or Class Plaintiffs were engaged in commerce within the meaning of the FLSA in that they performed work involving goods purchased and/or ordered from locations outside of Pennsylvania, and crossed state lines in order to perform cleaning services not only throughout Bucks County, Pennsylvania, but in the State of New Jersey (including, but not limited to, Mercer County).

20.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

4

21.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

24.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the Commonwealth of Pennsylvania in the positions of Cleaner and/or Cleaning Supervisor or in positions with substantially similar job duties who worked for Defendants at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked, unlawful docking of pay, and failure to accurately track and compensate them for all hours worked in violation of the FLSA ("Class Plaintiffs").

25.     Plaintiff estimates that there are in excess of forty (40) other similarly-situated Cleaners and/or Cleaning Supervisors who either are working or worked for Defendants in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be

5

ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

26.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' failure: (a) to count certain pre- and post-shift work, as well as compensable travel time, towards their total hours worked under the FLSA/PMWA; (b) improper pay deduction practices; and (c) failure to accurately track hours worked; had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Plaintiff and Class Plaintiffs in the same fashion.

27.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

28.     Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

6

29.     Plaintiff brings this action individually, and on behalf of the following

Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal

Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the positions of Cleaner and/or Cleaning Supervisor, or in positions
> with substantially similar job duties, who were paid on an hourly basis and were
> denied overtime compensation due to Defendants' failure to count certain pre-
> and post-shift work and compensable travel time towards their total hours worked,
> improper deduction of wages, and failure to accurately track their hours worked in
> violation of the PMWA.

30.     The members of the class are so numerous that joinder of all members is

impractical.  Class members may be informed of the pendency of this Class Action by direct

mail.

31.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law

and fact common to the Class, including, but not limited to:

        A.     Whether Plaintiff and the Class are entitled to overtime compensation for

services rendered in excess of forty (40) hours per week under the PMWA;

        B.     Whether the pre- and post-shift work performed by Plaintiff and Class

Plaintiffs is compensable under the PMWA;

        C.     Whether there existed an agreement under the WPCL between Defendants

and the Class that Plaintiff and Class Plaintiffs would be paid for all hours worked;

        D.     Whether the time Plaintiff and Class Plaintiffs spent/spend traveling

between Defendants' office and their first job assignment, and from their last job assignment

back to Defendants' office is compensable time under the PMWA;

        E.     Whether the time Plaintiff and Class Plaintiffs spent/spend traveling

between job sites during the workday is compensable time under the PMWA;

7

F.      Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

G.      Whether Defendants implemented and maintained an effective reporting mechanism for Plaintiff and Class Plaintiffs to track and obtain payment for all hours worked;

H.      Whether Defendants improperly deducted pay from Plaintiff and Class Plaintiffs due to alleged deficiencies in the services provided;

I.      Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL;

J.      Whether Plaintiffs and the Class worked in excess of forty (40) hours per week; and

K.      Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount.

32.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who was employed in the positions of Cleaner and Cleaning Supervisor who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation. Defendants' conduct of violating the PMWA has affected Plaintiffs and the Class in the same way.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

34.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

35.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.      Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA/WPCL, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

36.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect her or her interests.

9

## **FACTUAL BACKGROUND**

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.     Plaintiff Michele Eder first began her employment with Defendants on or around May 3, 2019, when she was hired a Cleaner.

39.     Approximately two (2) months later, Plaintiff was promoted to the position of Cleaning Supervisor.

40.     Plaintiff continued working for Defendants until September 15, 2019.

41.     During the course of her employment, Plaintiff reported to Defendants' office location at 225 Lincoln Highway, Suite 210, Bldg. A, Fairless Hills, PA 19030.

42.     Despite having the title of Cleaning "Supervisor," Plaintiff's primary job responsibility (in both positions) involved the performance of manual tasks related to the provision of cleaning services to residences and commercial buildings throughout Southeastern Pennsylvania, primarily Bucks County, Pennsylvania.

43.     In this regard, during a normal workday, Plaintiff and, upon information and belief, all Class Plaintiffs, were required to drive to Defendants' office in Fairless Hills, PA in order to perform certain pre-shift work and obtain supplies needed for the day's work.

44.     At the office, Plaintiff and Class Plaintiffs would fill and load chemicals, mops, and other equipment into their vehicles, load the washer and dryer, and generally restock supplies for the day.

45.     However, Plaintiff and Class Plaintiffs were not paid for the time they spent performing these tasks (which could last between 30 minutes to 1 hour).

10

46.     After performing the aforementioned work and restocking their vehicles, Plaintiff and Class Plaintiffs were then required to drive to their first cleaning job of the day.

47.     However, Plaintiff and Class Plaintiffs were not paid for the time they spent traveling from Defendants' office to their first jobsite.

48.     Plaintiff and, upon information and belief, Class Plaintiffs regularly traveled between thirty (30) minutes to two (2) hours from Defendants' office to reach their first job site.

49.     Additionally, prior to driving to the office, Plaintiff and Class Plaintiffs assigned to driving duty would also be required to pick up one or more other employees from their residences and bring them to Defendants' office in Fairless Hills, PA.

50.     Plaintiff and Class Plaintiffs were not paid for the time they spent driving to coworkers' residences in order to pick them up and bring them to Defendants' office.

51.     On a typical day, Plaintiff and Class Plaintiffs would complete up to six (6) to seven (7) cleaning jobs at various locations throughout Bucks County and parts of New Jersey.

52.     However, while Plaintiff and Class Plaintiffs would often have to travel significant distances between job sites, they were not paid for time spent traveling between job sites during the course of the workday.

53.     The only exception in this regard was for certain commercial cleaning jobs performed for bank clients, when Plaintiff and Class Plaintiffs would be paid for job to job travel at a significantly lower rate in the form of a separate, handwritten check.

54.     Plaintiff and, upon information and belief, Class Plaintiffs would regularly travel two (2) to three (3) hours per day, between jobs, without receiving compensation.

11

55.     Following the completion of their final job assignment, Plaintiff and Class
Plaintiffs were required to travel back to the office in order to unload equipment from their
vehicles and perform additional post-shift work.

56.     Nevertheless, Plaintiff and Class Plaintiffs were not paid for the work they
performed for Defendants at the office following the completion of their final job, nor were they
compensated for travel from their final jobsite to the office.

57.     Plaintiff and, upon information and belief, Class Plaintiffs regularly traveled
between thirty (30) minutes to two (2) hours from their final job of the day back to the office to
perform the aforementioned work.

58.     Plaintiff and, upon information and belief, Class Plaintiffs regularly worked for
approximately thirty (30) minutes at Defendants' office performing the aforementioned tasks at
the end of the workday.

59.     Plaintiff contends that not only did Defendants improperly fail to pay her and
Class Plaintiffs for the aforementioned travel time and pre- and post-shift work, but Defendants
regularly failed to pay for all hours worked by Plaintiff and Class Plaintiffs at their jobsites.

60.     In this regard, Plaintiff contends that Defendants regularly docked her and Class
Plaintiffs' pay for work performed when Defendants' management or customers claimed to be
dissatisfied with the work they performed.

61.     Moreover, Plaintiff contends that Defendants regularly failed to pay her and Class
Plaintiffs even for all their reported hours spent physically performing cleaning services at the
jobsites.

62.     In this regard, on multiple occasions Defendant Minch would acknowledge that
Plaintiff's, and, upon information and belief, Class Plaintiffs', checks were short (i.e. less than

12

what had been reported on their timesheets), but would do so only after Plaintiff or, upon information and belief, Class Plaintiffs first noticed the discrepancy and complained to Defendant Minch about the missing hours.

63.     Plaintiff contends that on such occasions, rather than issuing a corrected paycheck, Defendant Minch would simply hand Plaintiff cash for the outstanding amount.

64.     Plaintiff and Class Plaintiffs (including those employed as Cleaners and Cleaning Supervisors) are/were paid on an hourly basis.

65.     Plaintiff and, upon information and belief, all Cleaning Supervisors employed by Defendants are classified by Defendants as "non-exempt" under the FLSA/PMWA.

66.     Upon information and belief, all Cleaners employed by Defendants are classified by Defendants as "non-exempt" under the FLSA/PMWA.

67.     Defendants' Cleaners primary job duties involve the provision of residential and commercial manual cleaning services, including washing, sweeping, scrubbing, dusting, cleaning, vacuuming, removing trash, and making beds.

68.     Upon information and belief, Defendants' Cleaning Supervisors also performed the manual activities listed above in paragraph 66, while additionally facilitating communication with Defendants' clients and management, completing routine paperwork, and generally overseeing the field work performed by Defendants' Cleaners to help ensure compliance with Defendants' procedures and job specifications.

69.     Plaintiff and, upon information and belief, Class Plaintiffs were/are also occasionally required to travel an extraordinary amount of time for Defendants, well beyond the expected amount of time, without any compensation.

70.     The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendants'

offices to their first job site, between job sites, and from their final job to back to Defendants'

office is "travel that is all in the day's work" within the meaning of the FLSA and PMWA. See

29 C.F.R § 785.38.

71.     However, despite the compensability of Plaintiff's and Class Plaintiffs' travel

time as set forth above, Defendants did not/do not compensate Plaintiff and Class Plaintiffs for

all the hours they spend thus traveling.

72.     By failing to accurately track and compensate Plaintiff and, upon information and

belief, Class Plaintiffs, for the time they spend/spent performing pre-shift and post-shift work,

and for traveling from Defendants' office to their first job, between jobs, and from their final job

back to Defendants' office, Defendants have failed to pay Plaintiff and, upon information and

belief, Class Plaintiffs overtime compensation in violation of the FLSA/PMWA.

73.     Plaintiff estimates that, as a result of the unlawful pay practices of Defendants

described above, she and Class Plaintiffs have been denied compensation for approximately ten

(10) to twenty (20), if not more, hours per week.

74.     Because Plaintiff and Class Plaintiffs are typically scheduled to work close to if

not in excess of forty (40) hours per week (excluding the aforementioned pre- and post-shift

work and travel time), the vast majority of the unpaid pre- and post-shift work and travel time

described above is owed to Plaintiff and Class Plaintiffs at an overtime rate.

75.     By way of example, during the workweek of May 20, 2019 to May 26, 2019,

Plaintiff estimates that, in addition to working approximately thirty-two (32) hours on job sites,

she spent an additional four (4) to five (5) hours performing pre- and post-shift work,

approximately four (4) to six (6) hours traveling from the office to her job sites and back again,

14

and approximately two (2) to three (3) hours traveling from jobsite to jobsite, for a total of more than fourteen (14) hours of uncompensated work.

76.     Despite thus working approximately forty-six (46) hours, Plaintiff did not receive any overtime compensation for the hours she worked over forty (40).

77.     Plaintiff and other employees have complained to Defendants, including, but not limited to Defendant Minch about Defendants' failure to properly compensate Plaintiff and Class Plaintiffs for their pre- and post-shift work and travel time, and failure to pay overtime compensation.

78.     However, Defendants denied that Plaintiff and Class Plaintiffs are entitled to payment for this time.

79.     Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs, regularly worked/work approximately five (5) to ten (10) hours of uncompensated overtime per week as a result of the above-referenced pre- and post-shift work and travel time, they did not/do not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours thus worked over forty (40) in a workweek.

80.     Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA. See 29 C.F.R. § 516.2.

81.     Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

82.     Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

83.     Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

84.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

85.     Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

86.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

87.     Plaintiff's and Class Plaintiffs' primary job duties did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

88.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

89. Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

90. Thus, to the extent Defendants can be classified as a "motor carrier," which Plaintiff denies, Plaintiff was not, and, upon information and belief, Class Plaintiffs who were tasked with driving vehicles were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption. See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

91. Finally, there are no other exemptions under the FLSA or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

92. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

93. Defendants were subject to a prior lawsuit (commencing in or around November 2014) in which they were accused of committing similar violations of the FLSA, PMWA, and WPCL as those described herein, with respect to their cleaning staff.

94. Accordingly, Defendants were well aware, at all times relevant hereto, that their pay practices were not in compliance with the requirements of the FLSA, PMWA, and WPCL, yet they chose to willfully violate same.

95. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

17

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

96.     Paragraphs 1 through 95 are hereby incorporated by reference as though the same were fully set forth at length herein.

97.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

98.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

99.     Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

100.    As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

101.    The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

102.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

103.    Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs;

18

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Cleaner or Cleaning Supervisor, or in positions with substantially similar job duties, who worked for Defendants in the Commonwealth of Pennsylvania and at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA, unlawful docking of pay, and failure to accurately track and compensate them for all hours worked, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.     Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.     Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.     For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

104.    Paragraphs 1 through 103 are hereby incorporated by reference as though the same were fully set forth at length herein.

105.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

106.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

107.    By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

20

108.    As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and Class Plaintiffs, prays for judgment against Defendants as follows:

A.    An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**FAILURE TO PAY WAGES DUE AND OWING**

109.    Paragraphs 1 through 108 are hereby incorporated by reference as though the same were fully set forth at length herein.

110.    Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment." See 43 P.S. § 260.3(a).

111.    No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." See 43 P.S. § 260.7.

112.    Plaintiff and Class Plaintiffs entered into an agreement with Defendants in which Defendants agreed that Plaintiff and Class Plaintiffs would be paid a certain hourly wage for all hours worked, including time spent physically performing cleaning services.

113.    Defendants violated this agreement by, *inter alia*, unlawfully docking the pay of Plaintiff and Class Plaintiffs for work deemed unsatisfactory by Defendants, and by failing to pay for all work hours reported by Plaintiff and Class Plaintiffs.

114.    The aforementioned hourly wages are "wages" that were "earned" within the meaning of the WPCL, and are due and owing under the WPCL.

115.    As a result of Defendants' failure to pay Plaintiff and Class Plaintiffs these wages due and owing, Plaintiff and Class Plaintiffs are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.    An Order from this Court permitting this litigation to proceed as a class action and designating Plaintiff as the representatives of the Class and her counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs in the amount they are owed under their agreement with Defendants in unpaid wages, plus interest thereon;

C.    Liquidated damages of twenty-five percent (25%) under the WPCL;

D.    An award to Plaintiff and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the WPCL; and

E.      An award to Plaintiff and Class Plaintiffs for any other damages available to them
under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     _Michael Groh_

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiffs

Dated: December 23, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.