IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------
MICHELE EDER, *individually and on* : 
*behalf of all others similarly situated* :
                                     :   CIVIL ACTION NO.: 19-06088-GJP
        Plaintiff, :
                      :
    v. :
                      :
MINCH PROFESSIONAL CLEANING :
SERVICES, LLC, *et al.* :
                      :
       Defendants. :
---------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT

On December 24, 2019, Plaintiff Michele Eder ("Plaintiff") initiated this lawsuit against Defendant Minch Professional Cleaning Services, LLC ("MPCS"), Defendant Kathleen Minch ("Minch"), and Defendant Len Hardy ("Hardy") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* In her Complaint, Plaintiff alleges, *inter alia,* that Defendants, whom she contends acted as a joint employer, improperly failed to pay her and other similarly situated individuals[1] for all hours worked, including, but not limited to, certain pre- and post-shift work and compensable travel time, resulting in the non-payment of overtime compensation and wages in violation of the FLSA, PMWA, and WPCL.

---

[1] Although she initiated this case as a collective/class action, Plaintiff has not filed a motion for conditional certification under Section 216(b) of the FLSA or for class certification under Rule 23 of the Federal Rules of Civil Procedure, and no other individuals have sought to join this lawsuit by filing a consent-to-join form under 29 U.S.C. § 216(b).

On January 29, 2019, Defendant Minch contacted Plaintiff's counsel to request an extension of time to retain counsel and to discuss the possibility of resolving this matter. On January 30, 2019, Plaintiff submitted a Stipulation for Extension of Time to Respond to Complaint, extending Defendants' response deadline from January 31, 2020 to February 21, 2020, which the Court granted the same day. See Docket No. 6. Thereafter, the parties engaged in arms-length settlement negotiations, ultimately reaching a settlement in principle resolving Plaintiff's wage-and-hour-related claims on an individual basis. Because the proposed settlement involves a resolution of Plaintiff's overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Plaintiff respectfully submits this Memorandum of Law in support of Plaintiff's Unopposed Motion to Approve Settlement Agreement. A true and correct copy of the Settlement Agreement has been attached hereto as Exhibit "A."

Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, "district courts within the Circuit have followed the approached endorsed by a majority of courts and assumed the judicial approval is necessary." See Lyons v. Gerhad's, Inc., 2015 U.S. Dist. LEXIS 92348, at *6 n.1 (E.D. Pa. July 15, 2015); see also Gabrielvan v. S.O. Rose Apartments, LLC, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015). When considering whether to approve a proposed settlement of an FLSA wage claim, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. See Gabrielvan, 2015 U.S. Dist. LEXIS 135615, at *4-5; see also Lyons, 2015 U.S. Dist. LEXIS 92348, at *8; Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

As discussed below, the proposed Settlement Agreement clearly satisfies these requirements and, as such, the Court should approve the parties' Settlement Agreement.

### A.     The Settlement Resolves a Bona Fide Dispute under the FLSA

When considering whether a proposed settlement agreement resolves a bona fide dispute under the FLSA, the district court looks to see whether the agreement "'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's overreaching.'" See McGee v. Ann's Choice, Inc., 2014 U.S. Dist. LEXIS 75840, at *4-5 (E.D. Pa. June 4, 2014) (citing Lynn's Food Stores, 679 F.2d at 1355). In order to make this determination, the court must be provided with "a description of 'the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise.'" See Brumley v. Camin Cargo Control, Inc., 2012 U.S. Dist. LEXIS 40599, at *18 (D.N.J. 2012) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

As evidenced by Plaintiff's Complaint, this lawsuit involves a bona fide dispute over the number of hours worked by Plaintiff, a non-exempt Cleaning Supervisor who alleges she was denied wages and overtime compensation for certain pre- and post-shift work, and compensable travel time. See Compl., ¶¶ 45-63. As a result of these practices, Plaintiff alleges that she was denied compensation for approximately ten (10) to twenty (20) hours of work per week, often resulting in unpaid overtime compensation. See Compl., ¶¶ 73 and 76.

Defendants have denied Plaintiff's allegations, including, but not limited to the amount of overtime hours, if any, she worked. See Exhibit A at 1 ("Employer denies the allegations in the Lawsuit and denies that it is liable for any claims alleged by Eder."). Furthermore, during the

parties' discussions regarding the possibility of resolving this matter, Defendants indicated that they dispute the amount of overtime hours which Plaintiff contends to have worked during the period applicable to her claims. Accordingly, the proposed Settlement Agreement in this matter clearly resolves a bona fide dispute over FLSA provisions. See Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *4-5.

### B. The Settlement Is Fair and Reasonable to the Plaintiff-Employee

With respect to the second factor, under the proposed Settlement Agreement, in the estimate of Plaintiff's counsel, Plaintiff stands to receive, ***even after attorneys' fees and costs,*** one hundred percent (100%) of the overtime compensation and one hundred percent (100%) of the liquidated damages which she could reasonably expect to prove at trial.[2] As a result, the settlement is clearly fair and reasonable to Plaintiff. See e.g. Siena v. Morris Publ'g Grp., LLC, 2008 U.S. Dist. LEXIS 111210, at *2 (M.D. Fla. Sep. 3, 2008) ("Where the employer offers the plaintiff full compensation to which he was arguably entitled on his FLSA claim, no compromise is involved and judicial approval is not required."). This result is considerable in light of the risks Plaintiff faced in establishing liability and damages in this case. While Plaintiff's counsel believes Plaintiff's claims to be meritorious, they are experienced and realistic, and understand the evidentiary hurdles associated with proving hours worked in the absence of accurate recordkeeping, as well as the challenges associated with proving the existence of a contractual

---

[2] This estimate assumes that Plaintiff performed an average of fifteen (15) hours of uncompensated work during the nineteen (19) weeks she worked for Defendants between May 3, 2019 and September 15, 2019, and that she was paid an average of thirty (30) hours per week, resulting in approximately ten (10) hours of uncompensated "gap time" and five (5) hours of uncompensated overtime per week. Accordingly, Plaintiff estimates that she is owed approximately $4,042.50 in unpaid overtime and liquidated damages under the FLSA (i.e. Plaintiff's overtime rate of $21/hour X 5 OT hours/week = $105/week x 19.25 weeks = $2,021.25 + liquidated damages of 100%). Plaintiff further contends that she is owed approximately $3,368.75 in uncompensated "gap time" and liquidated damages under the WPCL, for those uncompensated hours she worked below forty (40) in a workweek (i.e. Plaintiff's regular rate of $14/hour X 10 "gap time" hours/week = $140 x 19.25 weeks = $2,695.00 + 25% in liquidated damages). Plaintiff's recovery under the proposed Settlement Agreement (i.e. $7,639.96) thus not only exceeds the unpaid overtime compensation and liquidated damages under the FLSA she could reasonably expect to prove at trial, but also exceeds the amount she contends she is owed in "gap time" under the WPCL.

entitlement to the payment of "gap time" hours (i.e. uncompensated hours worked below forty (40) in a workweek which do not result in a "regular rate" below the minimum wage) under the WPCL.

Moreover, even were Plaintiff's recovery under the Settlement Agreement to amount to less than her maximum recovery under the FLSA, '[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 628 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983); see also City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("there is no reason at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); Lazy Oil Co., 95 F. Supp. 2d at 318 (settling defendant's ability to pay greater amounts was outweighed by the risk that the plaintiffs would not be able to achieve any greater recovery at trial).

Furthermore, the attorneys' fees and costs which Plaintiff's counsel stands to receive under the proposed Settlement Agreement – which amount to approximately thirty-nine percent (39%) of the total Settlement Amount – are fair, reasonable, and consistent with the contingent fee agreement entered into by Plaintiff at the onset of this litigation, which provided for the reimbursement of costs advanced by Plaintiff's counsel. Moreover, a Lodestar cross-check reveals the reasonableness of the award of fees to Plaintiff's counsel. In this regard, the Lodestar in this case is $5,823.20. See Affidavit of Michael Groh, attached hereto as Exhibit "B." This Lodestar was calculated by multiplying the total number of hours counsel worked on this matter (i.e. 20.08) by the following reasonable rates:

| Name | Title | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Michael Groh, Esq. | Associate Attorney | 20.08 | $290.00 | $5,823.20 |
| **FIRM TOTALS** | | **20.08** | | **$5,823.20** |

The multiplier in this case (i.e. Lodestar cross-check), taking into account all hours expended by Plaintiff's counsel in the litigation, is therefore **0.84** ($4,903.04/$5,823.20= 0.841). This amount is clearly consistent with the award of attorneys' fees in FLSA common fund cases in the Third Circuit.  See Mabry v. Hildebrandt, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of recovery award in FLSA common fund cases ranges from roughly 20-45%.") (collecting cases); see Rouse v. Comcast Corp., 2015 U.S. Dist. LEXIS 49347, at *29 (allowing percentage-of-recovery for attorney's fees at roughly 35%); see also Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting 3 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 14.03, at 14-15 (3d ed. 1992)).

Accordingly, the Settlement is clearly fair and reasonable to the Plaintiff.

**C.    The Agreement Does Not Frustrate the Implementation of the FLSA in the Workplace**

Finally, the Court should approve the Settlement Agreement because it is a reasonable resolution for Plaintiff and does not frustrate the implementation of the FLSA in the workplace. As a preliminary matter, the Settlement Agreement embodies the parties' agreement, upon substantial investigation and arms' length negotiations, to resolve all of Plaintiff's wage and hour-related claims against Defendants.  While the Settlement Agreement does contain a limited confidentiality provision, it does not contain a material default provision which might provide

Defendants with the means to retaliate against Plaintiff in the event of her breach of that provision.  Moreover, a copy of the Settlement Agreement is being filed on the public docket in recognition of the "strong presumption [that] FLSA settlements should be available for public view."  See Lyons v. Gerhard's Inc., 2015 WL 4378514, *3 (E.D. Pa July 16, 2015). Furthermore, the Settlement Agreement does not contain a general release of claims, one common ground for invalidating a private settlement as frustrative of the implementation of the FLSA.  See Rubbo v. PeopleScout, Inc., 2017 U.S. Dist. LEXIS 72578, at *7 (E.D. Pa. May 11, 2017).  Thus, the Settlement Agreement's specific release does not represent employer overreach, but rather "the fair result of a balanced negotiation, in which plaintiff[] [was] represented by able counsel." See Lola v. Skadden, Arps, Meagher, Slate & Flom, LLP, 2016 U.S. Dist. LEXIS 12871, at *4 (S.D.N.Y. Feb. 3, 2016).

     In sum, because the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provision without frustrating the purposes of the FLSA, the Court should approve Plaintiff's Unopposed Motion to Approve Settlement Agreement.  See Mabry v. Hildebrandt, 2015 U.S. Dist. LEXIS 112137, at *5 (E.D. Pa. Aug, 2015) (noting that, absent impermissible confidentiality clause, settlement would not frustrate the purpose of the FLSA where settlement agreement provided due compensation for alleged unpaid overtime work and resolution of the claims via trial would be expensive and difficult for plaintiff due to defendants' continued denial of liability).

     Accordingly, the Plaintiff respectfully requests that the Court find the Settlement Agreement reached between the parties represents a fair, reasonable, and adequate resolution of Plaintiff's claims against Defendants under the FLSA, and enter an order, substantially in the form attached hereto as Exhibit "C," approving the Settlement Agreement.

                                        Respectfully submitted,

                                        **MURPHY LAW GROUP, LLC**

By: */s/ Michael Groh*
     Michael Murphy, Esq.
     Michael Groh, Esq.
     Eight Penn Center, Suite 2000
     1628 John F. Kennedy Blvd.
     Philadelphia, PA 19103
     TEL: 267-273-1054
     FAX: 215-525-0210
     murphy@phillyemploymentlawyer.com
     mgroh@phillyemploymentlawyer.com
     *Attorneys for Plaintiff*

Dated: February 21, 2020