# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (this "Agreement") is made as of this 20th day of _____February_____, 2020, by and between Michele Eder ("Eder"), on the one hand, and Minch Professional Cleaning Services, LLC ("MPCS"), a Pennsylvania limited liability company, Kathleen Minch, an individual ("Minch"), and Len Hardy, an individual ("Hardy") (MPSC, Minch, and Hardy are collectively referred to herein as the "Employer"), on the other hand.  Eder and Employer shall collectively be referred to as the "Parties."

**WHEREAS**, on or around December 23, 2019, Eder commenced a lawsuit against Employer which is currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 19-cv-01268-MSG (the "Lawsuit");

**WHEREAS**, the Lawsuit involves claims by Eder related to her employment with Employer, including, *inter alia*, that Employer failed to properly pay wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

**WHEREAS**, Employer denies the allegations in the Lawsuit and denies that it is liable for any claims alleged by Eder; and

**WHEREAS,** there exists a bona fide dispute as to both Employer's liability and the amount of damages owed to Eder under the FLSA;

**WHEREAS**, the Parties mutually desire to fully and finally settle all differences; and

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, and to avoid the risk, inconvenience and expense of litigation, and without any admission of fault or liability on the part of the Parties;

**IT IS HEREBY AGREED** by and between the Parties as follows:

1.      **Consideration.**      In consideration for Eder's agreement to all the terms, conditions, and promises in this Agreement and her agreement to dismiss the Lawsuit with prejudice (subject to the stipulations contained herein with respect to obtaining court approval of this Agreement), Employer shall, as soon as reasonably practicable, but in no event later than fourteen (14) days following Eder's execution of this Agreement, or five (5) days following the entering of a Court Order approving this Agreement and dismissing the Action, whichever occurs later, pay Eder the total amount of Twelve Thousand Five Hundred Forty-Three Dollars ($12,543.00) ("Settlement Amount"), inclusive of all costs and attorneys' fees incurred, in full and final settlement of the Lawsuit and all claims related thereto.

      a.    The Settlement Amount shall be broken down into three (3) separate payments, to be paid as follows:

          i.    One check, made payable to Michele Eder, in the amount of Three

Thousand Eight Hundred Nineteen Dollars and Ninety-Eight Cents ($3,819.98), representing claimed unpaid wages, less appropriate withholdings and/or payroll contributions, for which Employer will issue an IRS Form W-2 to Eder;

        ii.      One check, made payable to Michele Eder, in the amount of Three Thousand Eight Hundred Nineteen Dollars and Ninety-Eight Cents ($3,819.98), representing claimed liquidated damages, which shall not be subject to tax withholdings or payroll deductions, for which Employer will issue an IRS Form 1099 to Eder; and

        iii.      One check, made payable to Murphy Law Group, LLC, in the amount of Four Thousand Nine Hundred Three Dollars and Four Cents ($4,903.04), representing claimed attorneys' fees and costs, which shall not be subject to tax withholding or payroll deductions, for which Employer will issue an IRS Form 1099 to Murphy Law Group, LLC.

        b.      For the avoidance of confusion, Employer, and not Eder, shall be responsible for payment of the employer's share of any applicable payroll taxes (including, but not limited to FICA and FUTA contributions), with respect to the payment identified in Section 1(a)(i) above.

        c.      Employer shall remit payment by delivering the three (3) checks identified above to Eder's counsel, Murphy Law Group, LLC, at their offices at Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103.

        **2.**      **Order of Court Approval.**    Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval, in the form of an Unopposed Motion for Approval filed by Plaintiff. It is understood and agreed that Eder shall bear the responsibility for drafting the Unopposed Motion for Approval and accompanying documents. It is further understood that a copy of this proposed Settlement Agreement will necessarily be filed with the Court as a part of Plaintiff's Unopposed Motion for Approval. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

        **3.**      **Specific Wage and Hour Release by Plaintiff.**    In consideration for payment of the Settlement Amount and Employer's obligations contained herein, Plaintiff agrees she shall irrevocably and unconditionally release, acquit, and forever discharge Employer and their parents, subsidiaries, members, managers, officers and directors of and from any and all federal, state, or local wage and hour-related claims, rights, demands, liabilities, debts, suits, causes or actions, accounts, bonds, contracts, agreements, judgments, whatsoever in law or equity, including, without limitation, failure to pay minimum wages and/or overtime compensation, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state, or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law.

        The Parties understand and agree that the aforementioned release is limited in scope to

wage and hour-related claims and is not intended to, nor does it, extend to any other potential employment-related claims.  Moreover, nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Plaintiff signs this Agreement, (iii) that may arise after Plaintiff signs this Agreement, or (iv) which cannot be released by private agreement.

      **4.**      **Non-Admission.**  This Agreement does not constitute an admission of any liability or wrongdoing by Employer.  Eder and Employer further agree that this Agreement shall not be admissible in any proceeding (within the written consent of the Parties or unless order by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

      **5.**      **Opportunity to Review with Counsel.**      Minch and Hardy are hereby advised and cautioned to consult with an attorney of his or her choosing prior to executing this Agreement.  Minch and Hardy acknowledge that they have received this written admonition to consult an attorney prior to executing the Agreement and that, prior to executing this Agreement, they were given sufficient opportunity to review this Agreement and consult with an Attorney.  Eder and Employer both acknowledge and represent that each has had the opportunity to thoroughly discuss all aspects of this Agreement with an attorney, that they have carefully read and fully understand all the provisions of the Agreement, and that they are voluntarily entering into this Agreement.

      **6.**      **Limited Confidentiality/No Material Default.**      Employer and Eder understand and agree that this Agreement and its terms shall be CONFIDENTIAL by and among the Parties.  In response to any inquiries regarding this Lawsuit, the Parties agree to simply state, "The matter has been resolved," and to refrain from further comment.  However, this limited confidentiality requirement shall not prohibit the Parties from disclosing the existence or terms of this Agreement to their respective legal counsel, accountants, financial advisors, spouses, or other close family members, or as may be compelled by court order, subpoena, or other legal process.  Eder understands, covenants, and agrees that that Employer may seek to enforce this limited confidentiality requirement by seeking appropriate equitable relief, but that Employer shall not be entitled to recover legal damages, penalties, fees, expenses, or costs associated with Eder's violation of this confidentiality requirement in any such enforcement action.

      **7.**      **Neutral Reference.**  Employer agrees that it will respond to all inquiries made by potential employers concerning Eder by providing only a neutral reference consisting of dates of employment and position held, and by stating that it is company policy not to provide any additional information regarding prior employees.

      **8.**      **Choice of Law and Forum.**  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law.  The parties consent and stipulate to the personal jurisdiction of the state and federal courts of Pennsylvania in any subsequent proceeding to enforce this Agreement.

      **9.**      **Enforcement.**  The Parties agree that the United States District Court for the

Eastern District of Pennsylvania shall retain jurisdiction for purposes of enforcing the settlement agreement.  In the event of a material breach of this Agreement, the prevailing party in any proceeding to enforce the settlement agreement shall be entitled to recover costs and reasonable attorneys' fees incurred in enforcing the Agreement, subject to the restrictions identified in Section 6.

10.    **Invalidity.**        Should any provisions of this Agreement be declared to be illegal, invalid, or unenforceable, or should be denied approval by the Court in the course of the Parties' anticipated filing for approval of the Agreement, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement, except that if the release and waiver set forth in Paragraph 3 of this Agreement is deemed invalid, Eder will be required to return any and all monies paid under this Agreement.

11.    **Counterparts.**        This Agreement may be executed in counterparts, each of which shall constitute an original and which together shall constitute a single instrument; in addition, any facsimile or PDF copy of any party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof.

12.    **Integration.**    This Agreement sets forth the entire agreement between Eder and Employer, and fully supersedes any prior or contemporaneous agreements or understandings between the Parties.

13.    **Successors and Assignment.**        This Agreement shall be binding upon and inure to the benefits of the Parties hereto and their respective heirs, administrators, executors, and assigns.  Neither this Agreement nor any right or interest hereunder shall be assignable by Eder or Employer without prior written consent of an authorized agent of the other party.

14.    **Amendment.**  The parties acknowledge that this Agreement cannot be altered, modified or otherwise changed except by a writing signed by all parties to the Agreement.  This Agreement is five (5) pages in length, including the signature page.

15.    **Headings.**        The headings of sections and paragraphs herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

16.    **Neutral Construction.**        The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

*[Remainder of page intentionally left blank;*
*signature page to follow.]*

4

     **IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

MICHELE EDER

| | |
|---|---|
| _____ | _____ |
| Michele Eder | Date |

MINCH PROFESSIONAL CLEANING SERVICES, LLC

By: _Kathleen Minch_____   2/20/2020
     Name: _____     Date

     Title: _Owner_

KATHLEEN MINCH

_Kathleen Minch_____      2/20/2020
Kathleen Minch (individually)        Date

LEN HARDY

_____        2/20/20
Len Hardy (individually)          Date

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

MICHELE EDER

_Michele Eder_                                2-20-2020

Michele Eder                                  Date

MINCH PROFESSIONAL CLEANING SERVICES, LLC

By: _____          _____
    Name:                                    Date

    Title:

KATHLEEN MINCH

_____              _____
Kathleen Minch (individually)                Date

LEN HARDY

_____              _____
Len Hardy (individually)                     Date

5

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

MICHELE EDER, *individually and on*          :
*behalf of all others similarly situated*          :
                                                                  :          CIVIL ACTION NO.: 19-06088-GJP
                      Plaintiff,                       :
                                                                  :
            v.                                                 :
                                                                  :
MINCH PROFESSIONAL CLEANING          :
SERVICES, LLC, *et al.*                               :
                                                                  :
                      Defendants.                    :

---------------------------------------------------------

## DECLARATION OF MICHAEL GROH, ESQ.

I, Michael Groh, hereby state, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1.      I am an Associate Attorney with the Murphy Law Group, LLC ("MLG"), Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, and represent Plaintiff Michele Eder in the above-captioned action.

2.      I submit this declaration in order to apprise the Court of: (i) my qualifications and the hourly rate(s) sought in this FLSA lawsuit; and (ii) the total hours expended by MLG in connection with this litigation.  All information is current up to and until February 21, 2020.

## ATTORNEY QUALIFICATIONS AND FEE RATES

3.      I graduated from the George Washington University Law School in 2013, where I served on the GW Moot Court Board and Public Contract Law Journal (as a published member), and have practiced law within the greater Philadelphia area for approximately six (6) years.

4.      I am admitted and in good standing with the bars of the Supreme Courts of Pennsylvania and New Jersey, the New York Court of Appeals (inactive), and the United States

District Courts for the Eastern District of Pennsylvania, Middle District of Pennsylvania, Western District of Pennsylvania, and District of New Jersey.

5.     I practice exclusively in the area of employment law and regularly litigate federal court matters, including class and collective actions pursuant to the Fair Labor Standards Act ("FLSA") and similar state wage/overtime laws, such as the Pennsylvania Minimum Wage Act ("PMWA").  I am experienced with the practice of employment law in Philadelphia (as to agencies and in state and federal fora), and the majority of my cases are litigated in the Eastern District of Pennsylvania.

6.     Since joining MLG in March 2014, I have participated in the litigation and resolution of several dozen collective/class action and individual lawsuits arising under federal and state wage and hour laws.

7.     In individual and collective/class action lawsuits litigated in Pennsylvania under the Fair Labor Standards Act, such as the case at bar, MLG uses the following rates: $290.00/hour for Mr. Groh.

### **Hours Spent by MLG and the Resulting Fee Lodestar**

8.     MLG attorneys use the firm's case management system to contemporaneously record each case-related activity and accurately document the amount of time spent performing said activity.

9.     As of February 21, 2020, the attorney time spent on this litigation by MLG totaled **20.08 hours**, resulting in a total fee lodestar of approximately **$5,823.20**.

10.     MLG has also incurred costs and expenses totaling $513.00, including: (a) $400.00 filing fee for complaint; (b) $10.00 in courier fees; and (c) $103 in process service fees.

**I HEREBY DECLARE, SUBJECT TO PENALTY OF PERJURY, THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.**

Date:   February 21, 2020

/s/ Michael Groh
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
*Attorney for Plaintiff*

3

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------

| | |
|---|---|
| MICHELE EDER, *individually and on* | : |
| *behalf of all others similarly situated* | : |
| | :   CIVIL ACTION NO.: 19-06088-GJP |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MINCH PROFESSIONAL CLEANING | : |
| SERVICES, LLC, *et al.* | : |
| | : |
| Defendants. | : |

------------------------------------------------------

**<u>ORDER</u>**

    **AND NOW**, this \_\_\_\_ day of _____ 2020, upon considering the Plaintiff's

Unopposed Motion for Approval of Settlement, (ECF No. _____ ), it is **ORDERED** that the

motion is **GRANTED.**

    It having been reported that the issues between the parties in this above action has been

settled and upon Order of the Court pursuant to the provisions of Rule 41.1(b) of the Local Rules

of Civil Procedure of this Court, it is **ORDERED** that the above action is **DISMISSED** with

prejudice, without costs.  The case shall be **CLOSED** for statistical purposes.


    BY THE COURT:


    _____

    GERALD J. PAPPERT, J.